AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN − 7 2019

BY
DEPUTY_____

| | |
|---|---|
| BILLY ALFARO | ) |
| | ) |
| | ) |
| _____ | ) |
| *Petitioner* | ) |
| v. | )  Case No.  1:19 cv 11 |
| | )  *(Supplied by Clerk of Court)* |
| WARDEN, FCI Beaumont Low | ) |
| | ) |
| | ) |
| _____ | ) |
| *Respondent* | |

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a)  Your full name:  Billy Alfaro

    (b)  Other names you have used:  N/A

2.  Place of confinement:

    (a)  Name of institution:  FCI Beaumont Low

    (b)  Address:  P.O. Box 26020

               Beaumont, TX 77720

    (c)  Your identification number:  Reg. No. 57392-112

3.  Are you currently being held on orders by:

    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

        (a)  Name and location of court that sentenced you:  Central District of California (Western Division)

        (b)  Docket number of criminal case:  2:09-cr-01290-R-1

        (c)  Date of sentencing:  06/14/2010

    ☐ Being held on an immigration charge

    ☐ Other  *(explain)*:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.     What are you challenging in this petition:

❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☑ Other *(explain)*:

Sentencing Enhancement

6.     Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:   Central District of California (Western Division)

(b)  Docket number, case number, or opinion number:     2:09-cr-01290-R-1

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Distribution Enhancement

(d)  Date of the decision or action:   06/15/2010

## Your Earlier Challenges of the Decision or Action

7.     **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes                    ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   United States Court of Appeals for the Ninth Circuit

(2)  Date of filing:   06/17/2010

(3)  Docket number, case number, or opinion number:      No. 10-50286

(4)  Result:    Affirmed

(5)  Date of result:   08/05/2011

(6)  Issues raised:    Alfaro contends that:

(1) the district court failed to give an adequate explanation for the sentence it imposed and thereby committed procedural error; and

(2) his sentence is substantively unreasonable because some of the 18 U.S.C. § 3553(a) factors,

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

particularly his history and characteristics, allegedly counseled toward leniency in sentencing.

(b) If you answered "No," explain why you did not appeal:    N/A

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❒ Yes                ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   N/A

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:       N/A

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❒ Yes                ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   N/A

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:   N/A

10.     **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑Yes                   ☐No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑Yes                   ☐No

If "Yes," provide:

(1)  Name of court:  Central District of California (Western Division)

(2)  Case number:   2:2012-cv-07522

(3)  Date of filing:  08/31/2012

(4)  Result:      Dismissed

(5)  Date of result:  02/08/2013

(6)  Issues raised:   Alfaro argued that Judge was not provided all medical and psychological reports for review prior to sentencing.

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                   ☑No

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:    Alfaro asserts that the increase in the calculation of his sentencing range based on the distribution enhancement, resulted in a longer sentence. If so, this could be deemed a miscarriage of justice. The Petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e).

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4) Result: _____

      (5) Date of result: _____

      (6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes   ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   N/A

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   Alfaro is actually innocent of USSG § 2G2.2(b)(3)(F) enhancement, requiring that his sentence be reversed and vacated. _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

Alfaro is actually innocent of USSG § 2G2.2(b)(3)(F) enhancement, requiring that his sentence be reversed and vacated.

See Memorandum of Law in Support.

(b)  Did you present Ground One in all appeals that were available to you?

❒ Yes            ☑ No

**GROUND TWO**:  N/A

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?

❒ Yes            ❒ No

**GROUND THREE**:  N/A

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?

❒ Yes            ❒ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**   N/A

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
         not:   N/A

## Request for Relief

15.  State exactly what you want the court to do:   Alfaro's sentence should be vacated for resentencing without the
distribution enhancement. In the alternative, an evidentiary hearing should be held so that Alfaro may further prove his
meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Thursday   December  13th  2018

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  12-13-2018

_____
*Signature of Petitioner*

N/A
_____
*Signature of Attorney or other authorized person, if any*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BILLY ALFARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. ___:18-cv-_____ |
| | ) | Crim No. 2:09-cr-01290-R-1 |
| WARDEN, FCI Beaumont Low, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

COMES Petitioner, BILLY ALFARO ("Alfaro"), appearing *pro se,* and in support of this memorandum would show as follows:

## I. STATEMENT OF JURISDICTION

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 2241, which confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(a) and (c)(3). A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement. A federal prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255(e). See *Gallegos–Hernandez v. United States*, 688 F.3d 190 (5th Cir. 2012).

## II. <u>STATEMENT OF THE GROUND FOR REVIEW</u>

Whether, Alfaro is actually innocent of USSG § 2G2.2(b)(3)(F) enhancement, requiring that his sentence be reversed and vacated.

## III. <u>STATEMENT OF THE CASE</u>

### A.   <u>Procedural Background</u>

On December 15, 2009, a grand jury sitting in the United States District Court for the Central District of California, Western Division, returned a three (3) Count Indictment charging Alfaro. See Doc. 9.[1] Count 1 charged Alfaro with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). *Id.* Count 2 charged Alfaro with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). *Id.* Count 3 charged Alfaro with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *Id.*

On January 28, 2010, a Change of Plea Hearing was held and Alfaro entered a guilty plea to Count 2 of the Indictment without the benefit of a Plea Agreement. See Doc. 22.

---

[1]

"Doc." refers to the Docket Report in the United States District Court for the Central District of California, Western Division in Criminal No. 2:09-cr-01290-R-1, which is immediately followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

On June 14, 2010, Alfaro was sentenced to a term of 180 months' imprisonment, Supervised Release for a term of Life, no fine or restitution, and a Mandatory Special Assessment Fee of $100. See Docs. 35, 36.

On June 17, 2010, Alfaro timely filed a Notice of Appeal. See Doc. 37.

On August 5, 2011, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed Alfaro's sentence and conviction. See Doc. 46.

On August 31, 2012, Alfaro filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). See Doc. 47.

On February 8, 2013, the Court issued an Order dismissing Alfaro's § 2255 Motion. See Doc. 61.

### B.   Statement of the Facts

#### 1.   Offense Conduct

On January 29, 2009, United States Secret Service ("USSS") Special Agents ("SA") identified defendant as sharing child pornography over a "peer-to-peer" computer network. See PSR ¶ 6. At that time, USSS SAs downloaded from defendant's computer child pornography. See PSR ¶ 8.

On November 2, 2009, the USSS executed a search warrant on defendant's home, where he lived with his parents. See PSR ¶ 10. During the search, USSS SAs

found, amongst other things, an external hard drive, digital media, a "thumb drive," and an E327 HP Photosmart digital camera, which was subsequently determined to have been manufactured in China. See PSR ¶ 10.

A forensic examination of the external hard drive revealed approximately 1,560 video files and thousands of digital photographs consistent with child pornography. See PSR ¶ 11. The files contained sadistic and/or masochistic images. *Id*. There were also two digital photographs on defendant's "thumb drive" that appear to show defendant performing oral sex on a *prepubescent* penis. *Id*. Two other digital photographs on the thumb drive show a nude *prepubescent* male, with one of the photographs graphically displaying the child's penis. See PSR ¶ 12. According to the data associated with these photographs, they were taken with an E327 HP Photosmart digital camera--the model of digital camera seized from defendant during the search warrant. The data associated with these four photos shows that the oral sex photos were taken on January 22, 2006, and the other "lacivious exhibition" photographs were taken on August 30, 2006 (just over a week before defendant's 18th birthday).

**Note:** It was never proven that it was *prepubescent* penis. All photographs were zoomed in (close-up shots), where you could not tell who was involved. The absence of hair in the pubic area or small penis does not automatically mean it is *prepubescent*.In fact, there are some male in their 30's or 20's with penis no bigger than 2 inches and they shave everything off.

4

Thirty-three other photos found in defendant's possession depict the genitalia of one or more boys and one or more girls, all of whom appeared to be under the age of 12. See PSR ¶ 5. The data associated with these photos shows that they were also taken with an E327 HP Photosmart digital camera on various dates, including January 1, 6, 21, 22, and 24, 2006, and August 11, 17 and 18, 2006. *Id.*

**Note:** There was nothing connecting Alfaro to the photographs besides that it was taken with the same type of camera. The government never tied the pictures to Alfaro because otherwise they would have been able to hit Alfaro with production (which they did not), yet, they used it to make him look bad. It could have been pointed out to the judge that the pictures were never linked to Alfaro and it was never proven that the oral sex pictures were of a *prepubescent* penis. If the penis was in the defendant's mouth and it's a zoomed in picture, there's no way to find out the age, size, or details of the pubic area of the person. These are some of the things that Alfaro told his attorney to argue at sentencing, however, she was scared of the judge. Therefore, at sentencing, she failed to provide the judge with more information about the pictures.

Defendant was a soccer coach, an employee of the Transportation Security Administration [PSR ¶ 52], and had previously applied to work with children at a school [PSR ¶ 50]. The first two positions gave defendant access to children, and the last position would have given him access to children.

5

2.     Plea Proceeding

On January 28, 2010, a Change of Plea Hearing was held before Judge Manuel

L. Real. See Doc. 22. Alfaro entered a guilty plea to Count 2 of the Indictment

without the benefit of a Plea Agreement. See Doc. 22. The case was referred to the

Probation Office for the Preparation of the PSR.

3.     Presentence Report Calculations and Recommendations

The PSR calculated Alfaro's offense level as follows: a base offense level of

22 (pursuant to USSG § 2G2.2(a)(2)); 2 levels were added for material involving a

prepubescent minor (pursuant to USSG § 2G2.2(b)(2)); another 2 levels for

distribution without other aggravating facts (pursuant to USSG § 2G2.2(b)(3)(F)); 4

levels were added for sadistic or masochistic conduct or other depictions of violence

(pursuant to USSG § 2G2.2(b)(4)); 2 levels were added for use of a computer

(pursuant to USSG § 2G2.2(b)(6)); 5 levels were added for over 600 images (pursuant

to USSG § 2G2.2(b)(7)(D)); and 3-level reduction for acceptance of responsibility

(pursuant to USSG § 3E1.1). Alfaro's Total Offense Level totaled to 34, in Criminal

History Category I, which yields an advisory guideline range of 151 to 188 months.

4.     Sentencing Proceeding

On June 14, 2010, a Sentencing Hearing was held before Judge Manuel L.

Real. See Doc. 35. The Court sentenced Alfaro to a term of 180 months'

6

imprisonment, Supervised Release for a term of Life, no fine or restitution, and a Mandatory Special Assessment Fee of $100. See Doc. 36. Counts 1 and 3 of the Indictment were dismissed on the motion of the United States. *Id.* A timely Notice of Appeal was filed on June 17, 2010. See Doc. 37.

               5.    Appellate Proceeding

On Appeal, Alfaro contends that: (1) the district court failed to give an adequate explanation for the sentence it imposed and thereby committed procedural error; and (2) his sentence is substantively unreasonable because some of the 18 U.S.C. § 3553(a) factors, particularly his history and characteristics, allegedly counseled toward leniency in sentencing. However, on August 5, 2011, the Ninth Circuit affirmed Alfaros' sentence and conviction.

               6.    Postconviction Proceeding

On August 31, 2012, Alfaro filed a § 2255 Motion, arguing that Judge was not provided all medical and psychological reports for review prior to sentencing. On February 8, 2013, Alfaro filed a "Declaration of Pro Se Defendant Billy Alfaro," in which he requested that his § 2255 Motion be withdrawn. The Court granted that request and dismissed his § 2255 Motion accordingly. See Docs. 47, 61.

## IV.   COGNIZABLE CLAIMS IN A PETITION FOR
## A WRIT OF HABEAS CORPUS UNDER § 2241

A federal prisoner may attack the validity of his conviction in a § 2241 petition

if he can meet the requirements of § 2255(e)'s savings clause. See *Kinder v. Purdy*,

222 F.3d 209, 212 (5th Cir. 2000). The prisoner bears the burden of showing that the

remedy under § 2255 would be "inadequate or ineffective to test the legality of his

detention." § 2255(e); *Gallegos–Hernandez v. United States*, 688 F.3d 190 (5th Cir.

2012); and *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A

petitioner's inability to meet the procedural requirements of § 2255 is insufficient to

meet this burden. See *Pack*, 218 F.3d at 452-53. Rather, a prisoner who wishes to

proceed under the savings clause must establish that his claim "is based on a

retroactively applicable Supreme Court decision which establishes that the petitioner

may have been convicted of a nonexistent offense" and that the claim "was foreclosed

by circuit law at the time when the claim should have been raised." *Reyes-Requena*,

243 F.3d at 904. A petition for habeas corpus under 28 U.S.C. § 2241 must be filed

in the district of confinement. See *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). This

Court has jurisdiction to hear a habeas corpus petition under 28 U.S.C. § 2241

because it is the closest U. S. District Court to where Alfaro is incarcerated.

A petitioner may test the legality of his detention under § 2241 through the §

2255(e) savings clause where the target of the petition is a sentence enhancement, not

8

a conviction, by showing that he is "actually innocent." See *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner. *Hill,* 836 F.3d at 595.

The Solicitor General recently threw a new wrinkle into the mix in *Persaud v. United States,* 134 S.Ct. 1023 (2014). In *Persaud,* the Petitioner received a mandatory sentence of life imprisonment under 21 U.S.C. 841(b)(1)(A)(iii) because he had two prior convictions that the sentencing court classified as "felony drug offense[s]" – i.e., drug-related offenses that were "punishable by imprisonment for more than one year," 21 U.S.C. 802(44). Persaud sought Supreme Court review of the Fourth Circuit's decision in a petition for a writ of certiorari. On December 20, 2013, the Solicitor General filed a Brief for the United States *supporting* the petition. According to the Solicitor General, the view that § 2241 is unavailable unless the petitioner can prove his actual innocence "is incorrect." The Solicitor General viewed § 2241 as merely

requiring that a petitioner "show a fundamental error in the criminal proceedings." However, the Solicitor General rejected the contention that § 2241 relief was *limited* to situations with that impact, arguing that the Fourth Circuit in *In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000)"had no occasion to consider the availability of savings clause relief for any other type of challenge, and *the lower courts erred in interpreting that decision to limit savings-clause relief to situations in which the defendant's claim is that he was convicted for non-criminal conduct*." (Emphasis in the original). *Id.* The Solicitor General then persuasively argued that there was no legitimate distinction between challenges to convictions and sentences and that the limited construction given to § 2241 was not supported by the language of § 2255 or Congressional intent. *Id.* at 9. Thus, courts had "erred in concluding that the savings clause does not permit petitioner to seek relief under Section 2241 purely because he challenges his sentence rather than his conviction. *Sentences* that exceed the statutory maximum, or that impose a statutory mandatory minimum based on a legal error, are cognizable under the savings clause." *Id.* The government took the position that because Congress intended to reserve a mandatory life sentence for those defendants who, unlike petitioner, have been convicted of two prior "felony drug offense[s]," the erroneous imposition of a mandatory life term on petitioner implicates separation-of powers and due process concerns. Given the foreclosure of petitioner's sentencing

10

argument at the time of sentencing and direct appeal, and the advent of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), after his first Section 2255 motion, habeas relief under the savings clause was available to the Petitioner. The petition was granted, the judgment vacated, and the case remanded for further proceedings.

## V. DISCUSSION

As a preliminary matter, Alfaro respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

### Alfaro is Actually Innocent of USSG § 2G2.2(b)(3)(F) Enhancement, Requiring That His Sentence Be Reversed and Vacated.

#### *USSG § 2G2.2(b)(3)(F)*

"If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by 2 levels."

See USSG § 2G2.2(b)(3)(F).

Under USSG § 2G2.2 Commentary Application Notes, "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the

sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

In this case, Alfaro asserts factual innocence of his sentence enhancement under USSG § 2G2.2(b)(3)(F)– distribution through peer-to-peer file sharing program or network. This enhancement virtually increased his sentence. As such, because he is actually innocent of said enhancement, he should be resentenced to a significantly less harsh sentence.

See *United States v. Carroll*, (No. 16-16652) (10th Cir. April 5, 2018)–This case involves the dissemination of child pornography through a peer-to-peer file sharing program called Ares. A jury convicted Carroll of knowingly possessing and distributing hundreds of images and videos depicting the sexual exploitation of minors. The district court applied five Guidelines enhancements and sentenced Carroll to 150 months in prison. Carroll appealed and argued that the government failed to present any evidence that he knew he was sharing child pornography files when they were automatically placed in a shared folder, and that he cannot be held liable for knowing distribution without some showing that he consciously allowed others to access those files. The Court agreed and reversed Carroll's distribution conviction because the government failed to put forth any evidence that Carroll knew

12

downloaded files were automatically placed into a shared folder accessible to the Ares peer-to-peer network.

Here, Alfaro contends that the evidence was insufficient to sustain the distribution enhancement, because there was no evidence that he knew he was sharing child pornography when they were automatically placed in a shared folder. There was nothing in the record to indicate that he was aware that the items in this folder were automatically distributed to the peer-to-peer network, and the mere fact that he used a peer-to-peer program was insufficient by itself. The record did not include any indication that the program prompted Alfaro to chose to share downloaded files, enabled a sharing function, or accepted a licensing agreement that involved setting up a shared folder.

Same with 2016 Amendments to the Child Pornography Sentencing Guideline. On April 28, 2016, the United States Sentencing Commission promulgated amendments to the Sentencing Guidelines that became effective November 1, 2016. One change to the child pornography guidelines is to the language of USSG § 2G2.2(b)(3)(B)'s 5-level enhancement ("The Amendment").

The Amendment addresses circuit conflicts and application issues related to the child pornography guidelines. One issue generally arises under both the child pornography production guideline and the child pornography distribution guideline

13

when the offense involves victims who are unusually young and vulnerable.  The other two issues frequently arise when the offense involves a peer-to-peer file-sharing program or network.  These issues were noted by the Commission in its 2012 report to Congress on child pornography offenses.  See United States Sentencing Commission, "Report to the Congress: Federal Child Pornography Offenses," at 33–35 (2012). The Commission's 2012 report to Congress discussed the use of file-sharing programs, such as Peer-to-Peer ("P2P"), in the context of cases involving distribution of child pornography.  See 2012 Report at 33–35, 48–62.  Specifically, P2P is a software application that enables computer users to share files easily over the Internet.  These applications do not require a central server or use of email.  Rather, the file-sharing application allows two or more users to essentially have access each other's computers and to directly swap files from their computers.  Some file-sharing programs require a user to designate files to be shared during the installation process, meaning that at the time of installation the user can "opt in" to share files, and the software will automatically scan the user's computer and then compile a list of files to share.  Other programs employ a default file-sharing setting, meaning the user can "opt out" of automatically sharing files by changing the default setting to limit which, if any, files are available for sharing. Once the user has downloaded and set up the file-sharing software, the user can begin searching for files shared on the connected network using search keywords in the same way one regularly uses a search engine

14

such as Google. Users may choose to "opt in" for a variety of reasons, including, for example, to obtain faster download speeds, to have access to a greater range of material, or because the particular site mandates sharing.

The Amendment responds to differences among the circuits in applying the 5-level enhancement for distribution not for pecuniary gain at §2G2.2(b)(3)(B). While courts generally agree that mere use of a file-sharing program or network, without more, is insufficient for application of the 5-level distribution enhancement, the circuits have taken distinct approaches with respect to the circumstances under which the 5-level rather than the 2-level enhancement is appropriate in such circumstances. The Fourth Circuit has held that the 5-level distribution enhancement applies when the defendant (1) "knowingly made child pornography in his possession available to others by some means"; and (2) did so "for the specific purpose of obtaining something of valuable consideration, such as more pornography." *United States v. McManus*, 734 F.3d 315, 319 (4th Cir. 2013). In contrast, while holding that the 5-level enhancement applies when the defendant knew he was distributing child pornographic material in exchange for a thing of value, the Fifth Circuit has indicated that when the defendant knowingly uses file-sharing software, the requirements for the 5-level enhancement are generally satisfied. See *United States v. Groce*, 784 F.3d 291, 294 (5th Cir. 2015).

The Amendment revises §2G2.2(b)(3)(B) and commentary to clarify that the 5-level enhancement applies "if the defendant distributed in exchange for any valuable consideration." The Amendment further explains in the accompanying application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." The Amendment makes parallel changes to the obscenity guideline at §2G3.1, which has a similar tiered distribution enhancement.

Here, Alfaro was given a 2-level enhancement under USSG § 2G2.2(b)(3)(F)– distribution through peer-to-peer file sharing, absent any evidence of intent to distribute. Further, the Court failed to address Alfaro's objections to the said enhancement at sentencing.

Moreover, due to lack of evidence to prove distribution in this case, Alfaro's Base Offense Level should be 18 (instead of 22). Assuming all calculations will remain the same, except for the additional 2-points for distribution, Alfaro's Total Offense Level would be level 28, in Criminal History Category I, establishing a guideline imprisonment range of 78 to 97 months. Also, Alfaro's minimum mandatory sentence would be 60 months.

16

Thus, Alfaro is "actually innocent" of violating USSG §§ 2G2.2(a)(2) and 2G2.2(b)(3)(F). See *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo*, 115 S.Ct. 851, 868 (1995), or, as in this case, expiration of the statute of limitations.")

Finally, Alfaro asserts that the increase in the calculation of his sentencing range based on the distribution enhancement, resulted in a longer sentence. If so, this could be deemed a miscarriage of justice. The Petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e).

## VI. **CONCLUSION**

For the above and foregoing reasons, Alfaro's sentence should be vacated for resentencing without the distribution enhancement. In the alternative, an evidentiary hearing should be held so that Alfaro may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated: December 13, 2018.

BILLY ALFARO
REG. NO. 57392-112
FCI BEAUMONT LOW
FEDERAL CORR. INSTITUTION
P.O. BOX 26020
BEAUMONT, TX  77720
Appearing *Pro Se*

18

BILLY ALFARO
REG. NO. 57392-112
FCI BEAUMONT LOW
FEDERAL CORR. INSTITUTION
P.O. BOX 26020
BEAUMONT, TX 77720

December ___, 2018

Mr. David A. O'Toole
Clerk of Court
U. S. District Court
Eastern District of Texas
Beaumont Division
300 Willow Street Suite 104
Beaumont, Texas 77701

CLERK, U.S. DISTRICT COURT
RECEIVED
JAN -7 2019
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

RE:   *Alfaro v. Warden, FCI Beaumont Low*
      Civil No. ___:18-cv-_____
      Crim No. 2:09-cr-01290-R-1

Dear Mr. O'Toole:

Enclosed please find and accept for filing Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Memorandum of Law in Support. Please submit these documents to the Court.

Thank you for your assistance in this matter.

Sincerely,

BILLY ALFARO
Appearing *Pro Se*

*Encl. as noted*

Billy Alfaro  57392-112
Federal Correctional Complex  Beaumont Low
P.O. Box 26020
Beaumont, TX 77720

CERTIFIED MAIL

7010 3090 0003 3344 9934

U.S. POSTAGE PAID
PCM US ENV
BEAUMONT, TX
77707
JAN 05 19
AMOUNT
$0.00
77701-2217        R2304E106127-1
1000

Date  1/4/19
The enclosed letter was processed through special mailing procedures
for forwarding to you. The letter has neither been opened nor inspected.
If the writer raises a question or problem over which facility has
justification, you may return it for further information or clarification.
If the writer encloses correspondence for forwarding to another address, please
return the enclosure to the below address.
            Mail Room
            U S State  enitentiary
            P.O.  35
            Beaumont,  77720

Mr. David A. O'Toole
Clerk of Court
U.S. District Court
Eastern District of Texas
Beaumont Division
300 Willow Street Suite 104
Beaumont, TX 77701

Legal Mail